IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 9, 2014 Session

## STATE OF TENNESSEE v. WILLIAM EUGENE HALL

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Humphreys County**
**Nos. 10526, 10527, 10556, 10557, 10558, 10559     Jon Kerry Blackwood, Sr. Judge**

---

### No. M2012-00336-SC-DDT-DD – Filed March 20, 2015

---

SHARON G. LEE, C.J., concurring.

I concur fully with the Court's opinion except for Section III(E), which reaffirms the proportionality review performed in Mr. Hall's original direct appeal. Because I believe this Court used an improper method for analyzing the proportionality of Mr. Hall's death sentence, I have conducted an independent proportionality review. Upon doing so, I concur with the Court's conclusion that Mr. Hall's death sentence is not disproportionate to the sentences imposed on other similar offenders who have committed similar crimes.

In 1997, this Court narrowed the scope of the proportionality review required by Tenn. Code Ann. § 39-13-206(c)(1)(D) by limiting its consideration to only those cases in which the death penalty had been sought. *State v. Bland*, 958 S.W.2d 651, 666 (Tenn. 1997). Using this truncated approach, this Court performed a proportionality review of Mr. Hall's death sentence in 1998, finding the sentence not disproportionate to the penalty imposed in similar cases.[1] *State v. Hall*, 976 S.W.2d 121, 135-38 (Tenn. 1998). More recently, a majority of this Court reaffirmed the *Bland* approach in *State v. Pruitt*, 415 S.W.3d 180, 217 (Tenn. 2013). In *Pruitt*, I joined Justice William C. Koch, Jr. in dissenting from the Court's decision to continue following the *Bland* approach, as it improperly narrows the proportionality review required by Tenn. Code Ann. § 39-13-206(c)(1)(D). *Pruitt*, 415 S.W.3d at 230 (Koch and Lee, JJ., concurring and

---

[1] Though the Court also noted a number of cases "with comparable violence in which defendants have received life sentences," *Hall*, 976 S.W.2d at 138, this did not qualify as the broader pre-*Bland* proportionality analysis, which requires a more comprehensive review of all similar first degree murder cases.

dissenting). Instead, we determined that the Court should return to its pre-*Bland* proportionality analysis by considering "all first degree murder cases in which life imprisonment or a sentence of death has been imposed" and focusing on whether the case under review more closely resembles cases that have resulted in the imposition of the death penalty than those that have not. *Id*. at 230-31.

I have undertaken the broader, pre-*Bland* review in this case, as I find it more consistent with Tenn. Code Ann. § 39-13-206(c)(1)(D). Based on a review of all similar first degree murder cases, including those in which the death penalty was not sought, I have concluded that Mr. Hall's personal background and the nature of the capital crime he committed closely resemble the personal backgrounds and the crimes committed by other persons who have received a death sentence. Accordingly, as required by Tenn. Code Ann. § 39-13-206(c)(1)(D) and based on the facts in this record, I find that Mr. Hall's death sentence is "[neither] excessive [n]or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant."

_____
SHARON G. LEE, CHIEF JUSTICE